KENRICK, *Appellant*, v. HUFF.

1. **Attachment**: CREDITOR'S RIGHTS IN CASE OF LOSS OF ATTACHED PROPERTY: ADMINISTRATION. If a creditor causes property of his debtor to be attached, sufficient in value to pay the debt, and the property is lost pending the litigation, through the insolvency of the officer in whose custody it is left, and his sureties, the creditor cannot afterward enforce his demand against other property of the debtor. If the debtor die pending the litigation, the fact that the property attached might have been taken, notwithstanding the attachment, to pay funeral expenses, expenses of the last illness and the allowance to the widow, will not change this rule.

2. **Attachment**: ADMINISTRATION. If a decedent leave property under attachment in the hands of the sheriff, that officer may be required by the circuit court, on motion either of the administrator or the plaintiff in the attachment, to turn the same over to the administrator.

*Appeal from Mississippi Circuit Court.*—HON. D. L. HAWKINS, Judge.

AFFIRMED.

*Robert W. Waide* and *James B. Dennis* for appellant.

1. The attachment suit was no bar to plaintiff's recovery in this action. Although our statute provides that the administrator of a party dying while proceedings in attachment are pending shall separately inventory the property, (Wag. Stat., p. 90, §§ 60, 61,) and says the lien

is not lost; in the very next section it provides that the widow may have her dower in it, and the whole of it may be taken to pay first and second class claims. *Sweringen v. Eberius*, 7 Mo. 221; Drake on Attach., (3 Ed.), § 222.

2. The judgment was a general one. Had the goods attached failed to bring the amount of the debt, execution would have issued for the balance. Had a part or the whole of them been destroyed by fire, Kenrick would have had satisfaction out of other property, though destroyed by the negligence of the sheriff. Hilliard on Torts (2 Ed.), p. 230, § 15; Drake on Attach. (3 Ed.), § 222.

*Louis Houck* for respondent.

By the attachment the property seized became the special property of the sheriff, for the benefit of the parties. He or his sureties are liable to Kenrick for the same, and in case all are insolvent, the loss must fall on him. Certainly Huff, who has, as it were, paid his debt in advance, and was forced to place property *in custodia legis*, cannot be required to make good the loss. *Metzner v. Graham*, 66 Mo. 653. Kenrick having put Huff's estate into the hands of the sheriff, the loss should fall on him and not on Huff. When a sheriff takes property or goods in execution or by attachment, he becomes the bailee for the benefit of all parties interested, certainly for the party who set him in motion. *Moore v. Westervelt*, 2 Am. L. R. (N. S.) 687. While the levy of the attachment did not change the title of Huff to the goods, it diminished his absolute property, and the act of Kenrick placed them in the hands of the sheriff, who is and was accountable to the party entitled to them or the proceeds thereof. Drake on Attachment, § 222. After obtaining the judgment, Kenrick at once was entitled to have the proceeds of the sale applied to the satisfaction of his judgment, (*Lesem v. Neal*, 53 Mo. 420,) and it was the duty of the sheriff to pay the proceeds over. The money collected or paid the sheriff on the sale of the

goods may be regarded just like money in the hands of a sheriff collected on execution. If a sheriff collects money from a judgment debtor, and then fails to pay it over, the debtor cannot be compelled to pay it again.

HOUGH, J.—This suit was instituted May 25th, 1869, to set aside a certain conveyance made by Wm. D. Huff to the ancestor of the defendants, on the 10th day of March, 1860, on the ground that the same was made to hinder, delay and defraud creditors. In the latter part of the year 1860 Huff died. Before his death, George W. Kenrick, father of the plaintiff, brought a suit by attachment against said Huff, in which personal property owned by him was seized, and, pending the suit, was sold by the sheriff by agreement of the parties and under the order of the court, for $1,500 or $2,000, which amount does not definitely appear. The grounds of the attachment are not disclosed by this record. In 1865, Kenrick obtained judgment in the attachment suit for the sum of $1,313.49, which was directed to be certified to the probate court for payment. The sheriff who attached and sold the property never accounted for the proceeds of sale, and died insolvent, and his bondsmen became insolvent. The administrator of Huff's estate at the time the goods were sold and his bondsmen are also insolvent. In 1866, the judgment in the attachment suit was presented to the probate court for allowance, but was rejected. On appeal to the circuit court, a judgment was rendered in 1869 directing the probate court to allow and classify said judgment. In 1868, the judgment in attachment was assigned to the plaintiff.

The testimony as to the solvency of Huff at the time of the conveyance sought to be annulled was conflicting. George W. Kenrick, the administrator *de bonis non*, testified that, at his last annual settlement, in November, 1875, the estate of Huff consisted of notes and accounts amounting to $1,386.34, which were utterly worthless; but there was testimony tending to show that the notes and accounts

were good in 1860, and could have been collected, and that, at the time of his death, Huff had personal property including that attached, amounting to $5,124.13, and owed, including the debt due Kenrick, $4,510.90. No part of the judgment in attachment has ever been paid. The circuit court rendered judgment for the defendants and dismissed the bill.

The plaintiff asserts that the circuit court dismissed plaintiff's bill on the ground that the seizure and sale in the attachment suit of a sufficient amount of the property of the intestate to satisfy his judgment was a bar to a recovery in this suit. The defendants assert that the circuit court found that the conveyance assailed was not fraudulent, for the reason that the intestate had, at the time it was executed, personal property sufficient to pay all of his debts. The decree contains no finding of facts, and fails to disclose the grounds upon which it was based.

We are of the opinion, however, that the decree of the circuit court may be supported upon either ground. If the decree was rendered for the reason assigned by defendant's counsel, with the testimony before us as to the solvency of the intestate at the time the deed was executed, and the sufficiency of his personal estate at the time of his death, if properly administered to pay all his debts, we would not feel at liberty to disturb the judgment.

And the other ground is equally conclusive. The statute provides that if the defendant in an attachment cause die after the levy of the writ, the suit shall not be dismissed, nor the lien of the attachment destroyed, but the executor, or administrator shall be made a party, and the suit shall be proceeded on to final judgment in like manner as if the defendant were living. R. S. § 440. No execution, however, can issue on such judgment requiring the sale of any property or effects attached, but the same must be certified to the probate court for payment under the administration law. R. S. § 443. By that law it is the duty of the administrator to make a separate inven-

tory, appraisement and sale bill of all personal property bound by the lien of an attachment, (R. S. § 121,) and such personal property, when needed for that purpose, is by section 123, notwithstanding the attachment, liable for funeral expenses, and expenses of last sickness, and the allowance made to the widow. Except as against these preferred claims, the lien of the attachment continues, and if there be other property to satisfy these claims, the attached property must be applied by the administrator to the satisfaction of the judgment in the attachment. It appears from the record in this case that the personal estate left by the intestate was ample to meet these demands, and that there was no occasion to resort to the attached property. After the death of Huff, George W. Kenrick should have applied to the circuit court for an order requiring the sheriff to pay over the proceeds of the sale to the administrator; or the administrator might have applied to have this fund, which represented the attached property, turned over to him, and he should, in obedience to the law, have made a separate inventory thereof, and applied the same to the satisfaction of the judgment in pursuance of section 122 of the Revised Statutes. The insolvency of the administrator and his sureties, and of the sheriff and his sureties, is the misfortune of the plaintiff. Having sequestered a sufficient amount of the assets of the intestate to pay his debt, the estate of the intestate is discharged. The judgment of the circuit court will be affirmed. The other judges concur.